UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HAWAIIAN INN BEACH RESORT
CONDOMINIUM ASSOCIATION, INC.,

          Plaintiff,

v.                                          Case No.: 6:24-cv-833-WWB-LHP

ARCH SPECIALTY INSURANCE
COMPANY, UNITED SPECIALTY
INSURANCE COMPANY and
UNDERWRITERS AT LLOYD'S,
LONDON,

          Defendants.
_____/

**ORDER**

This CAUSE is before the Court on Defendants' Amended Motion for Judgment on the Pleadings (Doc. 16), Plaintiff's Amended Response in Opposition (Doc. 25), and Defendants' Reply (Doc. 26).[1] For the reasons set forth below, the Motion will be granted in part and the case will be stayed.

**I.    BACKGROUND**

Defendants issued Plaintiff an insurance policy, Policy Number VETGF01239210 (the "**Policy**") covering Plaintiff's real property (the "**Property**") in Florida for the period running from December 1, 2021, to December 1, 2022. (Doc. 1-8 at 10). On September 28, 2022, Plaintiff suffered damages to the Property as a result of Hurricane Ian. (Doc. 25-2 at 10). Thereafter, Plaintiff filed a claim for benefits under the Policy. (*Id.*).

---

[1] The Court converted Defendants' Motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and directed the parties to file additional briefing accordingly.

Defendants made initial document requests from Plaintiff on October 21, 2022 and conducted an inspection of the Property on November 17, 2022. (Doc. 5 at 16; Doc. 25-1 at 1). On April 24, 2023, after receiving the inspection report and Plaintiff's documents, Defendants made payment for the actual cash value of the Property but denied full coverage of Plaintiff's claim. (Doc. 25-1 at 1). Defendants expressly reserved its rights under the Policy, including the right to further investigate Plaintiff's claim. (*Id.* at 9).

Defendants then continued their investigation and accordingly requested documentation related to the claim in letters dated September 27, 2023, November 1, 2023, and February 8, 2024. (Doc. 26 at 257, 262, 266). In the latter two letters, Defendants reminded Plaintiff of the need for additional information to investigate their dispute. (*Id.* at 262, 266–267). Plaintiff eventually complied in part on March 7, 2024. (Doc. 5-2 at 1). Four days later, on March 11, 2024, Plaintiff filed this suit in the Circuit Court for Seventh Judicial Circuit Court, in and for Volusia County, Florida, seeking all benefits under the Policy. (Doc. 1-8 at 4). On March 28, 2024, Defendants requested that Plaintiff appear for an Examination Under Oath ("**EUO**") regarding Plaintiff's claim as provided by the Policy. (Doc. 5 at 11). Plaintiff ignored this request, and on April 4, 2024, Plaintiff served process on Defendants. (*Id.* at 12; Doc. 1-1 at 213). Defendants removed to this Court on May 3, 2024. (*See generally* Doc. 1).

On July 2, 2024, Defendants filed the instant Motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). However, the Court found that resolving the Motion would require considering matters outside of the pleadings and accordingly issued an Order (Doc. 24) converting the motion for judgment on the pleadings to a motion for summary judgment under Rule 56.

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### III.  DISCUSSION

Defendants argue they are entitled to summary judgment because Plaintiff failed to submit to an EUO, violating a condition precedent to suit and thereby relieving Defendants of any further obligations under the Policy.  Plaintiff contends that because Defendants' request came after this suit was filed, the EUO requirement is no longer a condition precedent and Plaintiff is under no obligation to submit to an EUO.  Plaintiff also argues that Defendants have waived their right to an EUO.  Plaintiff further asks that if the Court is inclined to agree with Defendants, that this case should be stayed to permit an opportunity to comply with the EUO request.

As a preliminary matter, Plaintiff argues that Defendants waived their right to seek an EUO when they denied Plaintiff full coverage under the policy.  "Where an insurer *unconditionally denies liability*, it waives all policy provisions governing notification of loss, proof of loss, and payment of premiums."  *Nu-Air Mfg. Co. v. Frank B. Hall & Co.*, 822 F.2d 987, 993 (11th Cir. 1987) (emphasis added); *see also Am. Bankers Ins. Co. v. Terry*, 277 So. 2d 563, 564 (Fla. 3d DCA 1973) (holding that an insurer waived proof of loss where it never denied liability and instead immediately began making offers of settlement).  Alternatively, Plaintiff argues that Defendants waived the EUO provision because it breached the Policy by failing to admit full coverage for Plaintiff's loss.  *See Nacoochee Corp. v. Pickett*, 948 So. 2d 26, 30 (Fla. 1st DCA 2006) ("A material breach by one party may be considered a discharge of the other party's obligations thereunder.").

Both of Plaintiff's waiver theories are meritless.  First, Defendants never unconditionally denied coverage, nor did they attempt to settle Plaintiff's claim without investigation.  (Doc. 25-1 at 1).  Instead, Defendants undertook an investigation of the

4

claim, including document requests from Plaintiff and an inspection of the property. (*Id.*; Doc. 5-2 at 1; Doc. 26 at 257–270). Crucially, Defendants expressly reserved their right to conduct an EUO in three separate communications to Plaintiff. (Doc. 26 at 260, 265, 269). The Court accordingly concludes that Defendants did not waive the EUO provision by its post-claim conduct. Similarly, the Court declines to find that Defendants waived by failing to provide full coverage of Plaintiff's loss. To do so would be to decide the ultimate issue in this case—the lawfulness of Defendants' partial denial—by weighing the parties' conflicting evidence, which is beyond the scope of a motion for summary judgment. *See A.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) ("The court does not weigh conflicting evidence or determine the credibility of witnesses [on summary judgment]."). On this record, therefore, the Court concludes that Defendants have not waived their right to an EUO.

Turning to the merits of Defendants' EUO request and Plaintiff's noncompliance therewith, it is true that in Florida, a policy provision requiring an insured to take an EUO can be a condition precedent to suit, and an insured's noncompliance is a material breach that precludes an action on the policy at issue. *Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 306 (Fla. 4th DCA 1995). However, "in order to be a condition precedent, [the EUO] must be requested before suit is filed." *Willis v. Huff*, 736 So. 2d 1272, 1274 (Fla. 4th DCA 1999). But an EUO requirement does not become a nullity once an insured files suit against an insurer. Rather, an insurer retains the right to seek an EUO, and an insured's failure to comply can be a material breach of the insurance policy. *See Biscayne Cove Condo. Ass'n v. QBE Ins. Corp.*, 971 F. Supp. 2d 1121, 1131, 1143 (S.D. Fla. 2013); *see also Wilson v. Fed. Ins. Co.*, No. 5:19cv371, 2022 WL

5

21694019, at *12 (N.D. Fla. June 20, 2022) ("The plaintiffs here have cited no case holding that an insurer's right to an EUO ends when suit is filed, and [the court is] aware of none."); *Willis*, 736 So. 2d at 1274 (holding that insured was required to submit to post-filing EUO request and remanding to allow insured an opportunity to comply).  As the *Wilson* court noted, a contrary conclusion would create wholly undesirable and perverse incentives in the insurance industry, specifically "a race to the courthouse (for an insured) or to an EUO (for an insurer)."  *Wilson*, 2022 WL 21694019, at *12.

Plaintiff filed this suit in state court on March 11, 2024, before Defendants requested an EUO on March 28, 2024.  (Doc. 1-8 at 4; Doc. 5 at 11).  So, while Plaintiff's compliance with the EUO request was not a condition precedent to this suit, Defendants have not forfeited their right to compel an EUO.  *See Wilson*, 2022 WL 21694019, at *12. Instead, Defendants retain their right to request that Plaintiff submit to an EUO under the terms of the Policy.  By those terms, Defendants "may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required."  (Doc. 5-1 at 26).

The first question, therefore, is whether Defendants' request for an EUO was reasonable.  *See Wilson*, 2022 WL 216949019, at *12 ("A post-filing request [for EUO], like a pre-filing request, may be reasonable.").  Defendants requested information and supporting documentation from Plaintiff in letters on three occasions.  (Doc. 26 at 257, 262, 266).  In their second and third letters, Defendants reminded Plaintiff of the need for additional information to investigate their dispute.  (*Id.* at 262, 266–267).  Plaintiff did not respond until March 7, 2024, four days before filing the instant suit.  (Doc. 5-2 at 1). Several weeks later, but before receiving service of process, Defendants requested the

6

EUO, noting that Plaintiff had not provided all previously requested information. (*Id.*). Because Defendants have shown they maintained consistent communication with Plaintiff and indicated their investigation was incomplete, there is sufficient record evidence to show that the EUO request was reasonable. Plaintiff, however, fails to rebut Defendants' evidence, responding only that whether "an EUO was reasonably required is an issue for the jury." (Doc. 25 at 14). Indeed, Plaintiff fails entirely to argue this issue or to point to any conflicting evidence in the record. So, while it is true that the reasonableness of Defendants' request is a question of fact, Plaintiff has failed to demonstrate a "genuine issue for trial." *Celotex Corp*, 477 U.S. at 324. The Court accordingly concludes that Defendants' request for an EUO was reasonable.

Further, it is clear from the record that Plaintiff has failed to substantially comply with its obligation to submit to an EUO. There is no dispute that Defendants requested an EUO, and that Plaintiff has not submitted to the EUO. Nonetheless, Plaintiff insists that it has substantially complied with the Policy by cooperating with Defendants' document requests and allowing Defendants to inspect the Property, foreclosing a finding of breach. *See Green Tree Servicing, LLC v. Milam*, 177 So. 3d 7, 14 (Fla. 2d DCA 2015) (holding that substantial compliance is "in essence, the opposite of a material breach"). This argument fails because Plaintiff's compliance with other post-loss provisions has no bearing on its compliance with the EUO requirement. *Nunez v. Universal Prop. & Cas. Ins. Co.*, 325 So. 3d 267, 274 (Fla. 3d DCA 2021) ("However, [plaintiff's] compliance on other matters, e.g., promptly reporting the claim, allowing [defendant] to inspect her home, and providing a sworn proof of loss, does not bear on whether [plaintiff] substantially complied with the specific, pertinent policy requiring her to submit to an EUO."); *Gulfside,*

*Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851, 2021 WL 3471631, at *4 (M.D. Fla. Aug. 6, 2021) ("Importantly, [plaintiff's] cooperation with [defendant's] investigation for nearly two years does not excuse failing to sit for the EUO."); *see also Shivdasani v. Universal Prop. & Cas. Ins. Co.*, 306 So. 3d 1156, 1160 n.3 (Fla. 3d DCA 2020) ("It is unquestionable that in order for there to be substantial compliance, there must be evidence of *some* compliance." (emphasis added)).

Having concluded that Defendants' EUO request was reasonable and Plaintiff has not substantially complied, the remaining issue regarding material breach is whether Defendants have suffered prejudice. *See Lopez v. Avatar Prop. & Cas. Ins. Co.*, 313 So. 3d 230, 235 (Fla. 5th DCA 2021) (holding that in the context of forfeiture of insurance coverage, "[a] material breach mean[s] breach causing prejudice") (quoting *Allstate Floridian Ins. Co. v. Farmer*, 104 So. 3d 1242, 1249 (Fla. 5th DCA 2012)). As the parties acknowledge, there is a split among Florida courts on the necessity of prejudice caused by an insured's noncompliance with an EUO request. However, the *Wilson* court summarized the confusion:

> Florida law is not entirely clear on whether failure to appear for an EUO provides a defense only if the failure causes prejudice to the insurer and, if so, which side has the burden of proof on the issue. *Compare Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 306 (Fla. 4th DCA 1995) (holding that an EUO was "a condition precedent to suit" and that the insured's failure to comply "preclude[d] an action on the policy regardless of a showing of prejudice by the insurer"), *with Whistler's Park, Inc. v. Fla. Guar. Ass'n*, 90 So. 3d 841, 845–46 (Fla. 5th DCA 2012) (holding the insurer must show prejudice), *and Willis v. Huff*, 736 So. 2d 1272, 1274 (Fla. 4th DCA 1999) (distinguishing *Goldman* on the ground that an EUO is a condition precedent only if requested prior to suit). *See also State Farm Mut. Auto Ins. Co. v. Curran*, 135 So. 3d 1071, 1076-80 (Fla. 2014) (plurality opinion) (stating that an insured's submission to a medical examination as required by the policy is not a condition precedent and thus precludes recovery only if the insurer proves actual prejudice); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins. Corp.*, 591 F. App'x 868, 871 (11th Cir. 2014)

8

> (citing Florida decisions on both sides of the question whether prejudice is an element of an insurer's defense alleging failure to comply with the policy).

*Wilson*, 2022 WL 21694019, at *13. The court went on to conclude that where, as here, the EUO request came after suit was filed, prejudice should be an element of an insurer's defense based on failure to appear for an EUO. *Id.* This approach is consistent with *Goldman* and *Willis*, because a post-filing EUO request by definition cannot be a condition precedent. Further, the burden to show prejudice should be with the insurer, because, as the defensive pleader, it must prove each element of its defenses. *Id.*; *see also Curran*, 135 So. 3d at 1079.

Because Defendants here assert a defense based on Plaintiff's noncompliance with a post-filing EUO request, Defendants properly bear the burden of proving prejudice. And the Court finds that there is a genuine dispute of material fact on this issue. In their final letter seeking documents from Plaintiff, Defendants asserted that Plaintiff's noncooperation had caused prejudice. (Doc. 26 at 269). Further, in the EUO request, Defendants listed the information and documents it sought to obtain through the EUO. (Doc. 5-2 at 3–8). Defendants maintain that they have still not received this information, which has prejudiced their investigation. Plaintiff denies there is prejudice because it complied with Defendants' document requests, participated in mediation, and permitted Defendants to inspect the property, all of which left Defendants with enough information to admit partial coverage of Plaintiff's loss. *See Keenan Hopkins Schmidt & Stowell Contractors, Inc. v. Cont'l Cas. Co.*, 653 F. Supp. 2d 1255, 1262 (M.D. Fla. 2009) (finding that an insured can disprove prejudice by proving that the insured "possesse[d] enough information to permit it to deny the claim on other grounds (and it actually did deny the claim on other grounds)"); *see also Gulfside, Inc.*, 2021 WL 3471631, at *3 ("To be sure,

9

sometimes an insured's failure to comply with post-conditions is excused."). Because Defendants were able to partially deny Plaintiff's claim without the benefit of the EUO, there is a genuine dispute as to whether Defendants were prejudiced by Plaintiff's noncompliance with the EUO request.

Because there is a material dispute as to the issue of prejudice, the Court concludes that the appropriate action is to stay this case with instructions that Plaintiff must comply with the EUO before proceeding further. Because Plaintiff has requested a stay in its Response, such relief is consistent with Florida law, including the general policy against forfeiture. *See Bierman v. Miller*, 639 So. 2d 627, 628 (Fla. 4th DCA 1994) ("The proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law." (quotation omitted)); *Cent. Metal Fabricators v. Travelers Indem. Co. of Am.*, 703 So. 2d 1251, 1251 (Fla. 3d DCA 1998) (vacating summary judgment and instructing the trial court to stay pending compliance with requested EUO); *see also Wright v. Life Ins. Co. of Ga.*, 762 So. 2d 992, 993 (Fla. 4th DCA 2000) (noting that a stay is generally the proper remedy for premature litigation, but affirming because plaintiff failed to request same below); *Axis Surplus Ins. Co. v. Caribbean Beach Club Ass'n*, 164 So. 3d 684, 687 (Fla. 2d DCA 2014) ("Florida law abhors forfeitures."). This is true even considering the significant delay between the EUO request and Plaintiff's offer to comply. *See Willis*, 736 So. 2d at 1274 (reversing and remanding to allow insured an opportunity to comply even when the insured only offered to comply at the trial court's summary judgment hearing). Further, a stay is consistent with the language of the Policy, which fails to specify that forfeiture will result from noncompliance with post-loss obligations. (Doc. 5-1 at 42); *see also Allstate Floridian*

10

*Ins. Co.*, 104 So. 3d at 1249 (affirming denial of insurer's directed verdict for insured's failure to submit proof of loss because the contract "establishes a duty without specifying the consequences when that duty is breached") (quoting *State Farm Mut. Auto Ins. Co. v. Curran*, 83 So. 3d 793, 805 (Fla. 5th DCA 2011)).

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Amended Motion for Judgment on the Pleadings (Doc. 16), treated as a motion for summary judgment, is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. This case is **STAYED** pending Plaintiff's compliance with Defendant's request for an examination under oath.

3. On or before **May 27, 2025**, and every 60 days thereafter, the parties shall file with the Court a status report as to the status of the examination under oath. Additionally, the parties shall notify this Court within 14 days of the completion of the examination under oath.

4. The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

*[Signature]*

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

11